UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JIM HARRIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-CV-26-CEJ |
| | ) |
| CORIZON, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants George Lombardi and Ian Wallace to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded, and the issues are fully briefed.

**I.     Background**

Plaintiff has been incarcerated in the Missouri Department of Corrections (MDOC) since 2012. Defendant Lombardi is the director of the MDOC. At all relevant times, plaintiff was an inmate in the Southeast Correctional Center (SECC) in Charleston, Missouri. Defendant Wallace is the warden of the prison.

Several years prior to his incarceration, plaintiff was in a car accident in which he suffered a nonunion bone fracture of his lower right mandible, with resultant nerve damage. Plaintiff's injuries intensified over time. He developed temporomandibular joint (TMJ) disorders, a jawbone infection, and weight loss because he could not eat solid food. According to the complaint, "[u]pon entering SECC, Plaintiff notified the dental and staff of the nonunion and his relevant medical history, including his food and medication allergies." Amend. Compl. ¶19.

On March 26, 2013, plaintiff consulted with Eric Bessey, D.D.S., an oral surgeon, who recommended a bone graft procedure to treat the nonunion. However on May 6, 2013, instead of performing the bone graft procedure, Bessey implanted a metal plate in plaintiff's jaw. Plaintiff experienced pain, soreness, and swelling near the surgical site in the days following the procedure.

On June 25, 2013, Bessey recommended that plaintiff see an infectious disease specialist for treatment of his infection. Plaintiff instead was prescribed antibiotic therapy that was ineffective. Also, Bessey prescribed penicillin for plaintiff even though he knew plaintiff was allergic to it. As a result, plaintiff suffered an allergic reaction. He was not given medication for that reaction for seven days.

Because the antibiotic did not alleviate the infection, plaintiff continued to have swelling in his face. Infected material drained from the surgical site into his mouth and throat, which caused gastrointestinal distress. Plaintiff also experienced blurred vision in his right eye and hearing impairment in his right ear. On September 3, 2013, plaintiff was examined by Lorenzo McKnelley, D.O., an infectious disease specialist, who recommended that the metal plate be removed. On October 29, 2013, Bessey removed the metal plate from plaintiff's mandible. Still, the pain and swelling in plaintiff's jaw and face continued. Plaintiff alleges that "[d]efendants at all relevant times had actual knowledge of Plaintiff's serious medical conditions as a result of Plaintiff's verbal complaints and filing of Medical Services Requests on the appropriate form." Amend. Compl. ¶45.

After exhausting his intra-prison administrative remedies, plaintiff initiated this 42 U.S.C. § 1983 action on February 2, 2015. He alleges that defendants

Lombardi and Wallace violated his constitutional right to be free from cruel and unusual punishment. According to plaintiff, Lombardi and Wallace knew about his medical condition and they maintained a policy, practice, or custom of deliberate indifference to his medical needs. Plaintiff also alleges Lombardi and Wallace failed to train and supervise their employees, causing his injuries.

Plaintiff brings this action against Lombardi and Wallace in their official capacities. He seeks an injunction requiring MDOC to provide him with bone graft surgery and to treat his nerve damage. Plaintiff also requests that Lombardi and Wallace be required to implement a written policy detailing the communication protocol between doctors and nurses at SECC, and that Lombardi and Wallace provide adequate medical care to all inmates. Finally, plaintiff seeks compensatory and punitive damages against Lombardi and Wallace.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in

support of his claim. *Scheuer*, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see id.* at 563 (stating that the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in *Twombly* applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. Discussion

#### A. Official capacity

Plaintiff sues Lombardi and Wallace in their official capacities only. "A claim against a public official in his or her official capacity is merely another way of pleading an action directly against the public entity itself." *Williamson v. Steele*, No. 4:12-CV-1548-CAS, 2014 WL 555910, at *3 (E.D. Mo. Feb. 12, 2014) (citing *Hafer v. Melo,* 502 U.S. 21, 25 (1991)). "The Eleventh Amendment prohibits the imposition of monetary damages against the state, or against state officials in their official capacities." *Id.* at (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Therefore, plaintiff is not entitled to monetary damages as a result of any judgment rendered against Lombardi or Wallace in their official capacities.

#### B. Claims against Wallace

Plaintiff alleges that Wallace, as SECC warden, maintains policies, practices, or customs that caused the corrections officers and medical personnel to be deliberately indifferent to his medical needs and those of other inmates. Plaintiff also alleges that Wallace failed to train or supervise the corrections officers and medical personnel, and that plaintiff was injured as a result. "While prison

4

supervisors cannot [be] held liable under § 1983 on a theory of respondeat superior, they can incur liability when their corrective inaction amounts to deliberate indifference to or tacit authorization of an Eighth Amendment violation." *Schaub v. VonWald*, 638 F.3d 905, 924 (8th Cir. 2011) (citing *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010)). To succeed on a claim of deliberate indifference, a plaintiff must show "'(1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Fourte v. Faulkner Cty.*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudson*, 205 F.3d 1094, 1096 (8th Cir. 2000)). It is undisputed that plaintiff's medical needs are objectively serious. *See id.*

Plaintiff alleges that he made verbal complaints about his condition and submitted written Medical Service Request forms seeking treatment. However, plaintiff does not allege that he informed Wallace directly about his medical condition or that Wallace, by virtue of his position, would have been aware of plaintiff's problems. Additionally, plaintiff does allege that Wallace was involved in making treatment decisions or that he was responsible for responding to plaintiff's complaints or requests for medical services. In the absence of facts stating otherwise, it is not plausible that Wallace, who occupies the high-level administrative position of warden of a prison, would have been aware of the individual medical issues of a particular inmate. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1995). Therefore, plaintiff fails to state a claim of deliberate indifference against Wallace, and the claim will be dismissed.

### C. Claims against Lombardi

Plaintiff similarly alleges that Lombardi, as director of MDOC, maintains policies, practices, or customs that caused the defendant guards and medical personnel to be deliberately indifferent to plaintiff's medical needs and those of other inmates. Plaintiff also alleges that Lombardi failed to train or supervise the other defendants, which caused plaintiff's injuries. "[G]eneral responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Id.* Plaintiff has not set forth facts sufficient to establish that it is plausible that Lombardi was involved beyond his general oversight of the state-wide prison system. Indeed, he is even further removed from plaintiff's medical needs than Wallace. Plaintiff has not set forth facts from which the Court could reasonably draw the inference that Lombardi was aware of his serious medical needs. Thus, plaintiff's claims against Lombardi fail to state a claim and will be dismissed.

\*\*\*\*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of defendants George Lombardi and Ian Wallace to dismiss [Doc. #27] is **granted**.

An order of partial dismissal will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2015.