UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JIM HARRIS, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:15-CV-26 (CEJ) |
| CORIZON, LLC, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the joint motion of the Corizon defendants to strike plaintiff's expert, pursuant to Fed.R.Civ.P. 37(b)(2). Plaintiff has filed a response in opposition and the issues are fully briefed.

**I.  Background**

The Case Management Order entered in this case [Doc. #44] required plaintiff to designate his expert witnesses by November 12, 2015, and to produce his experts for deposition by December 15, 2015. With defendants' consent, plaintiff obtained an extension of time to disclose his experts until November 19, 2015, on which date he designated Robert L. Ward, DDS.

On November 21, 2015, counsel for defendants made an initial request for dates on which Dr. Ward would be available for his deposition. [Doc. #50-1]. Counsel for plaintiff did not respond to that request or to the subsequent requests made in December. [Docs. ##50-2 through 50-4]. It was not until January 8, 2016, that counsel for plaintiff called defense counsel to request an extension of time to produce Dr. Ward for deposition. Defendants filed the instant motion to strike on January 11, 2016. On January 14, 2016, plaintiff belatedly provided

defendants with several possible dates on which Dr. Ward would be available for deposition. [Doc. #53-2].

II. **Discussion**

Rule 16 of the Federal Rules of Civil Procedure gives the district court the authority to set case management deadlines and to impose sanctions for their violation. Fed.R.Civ.P. 16(f). A court is permitted to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified. Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998) (affirming district court's order excluding plaintiff's expert for failure to timely disclose).

Plaintiff first argues that defendants' motion must be denied under a provision of the Case Management Order which requires the parties to file discovery motions "no more than fifteen (15) days following the event . . . that is the subject of the motion," unless good cause is shown for the delay. Case Management Order, § I(3)(h). Plaintiff argues that the 15-day period was triggered on December 15, 2015 (the deadline for producing Dr. Ward for deposition) and that defendants' motion (filed on January 11, 2016) was thus untimely. Defendants argue that the 15-day period began on December 30, 2015, when they made their final attempt to secure dates for Dr. Ward's deposition. The purpose of the 15-day limit is to facilitate timely resolution of discovery disputes that would otherwise impede the parties' ability to complete discovery, file dispositive motions, and prepare for trial. It is not intended to reward a party who ignores or stonewalls opposing counsel's attempts to comply with the Case Management Order. Assuming without deciding that December 15 was the triggering date, the Court finds that defendants'

2

repeated efforts to obtain deposition dates from plaintiff satisfy the good-cause requirement.

Plaintiff, who is incarcerated, alternatively argues that his failure to comply with the Court's deadlines is substantially justified because he was transferred to a new unit in mid-November 2015 and lost access to all his litigation documents. Plaintiff does not explain how his inability to access documents prevented his counsel from making Dr. Ward available for deposition. But, accepting plaintiff's justification at face value, the appropriate course of action would have been to seek a brief extension of time of the deposition deadline. Certainly, there is no justification for the failure of plaintiff's counsel to communicate with defense counsel in a timely fashion.

Plaintiff's failure to comply with the deadlines for expert disclosure set forth in the Case Management Order was not justified and thus a sanction is warranted. However, because plaintiff has identified dates when Dr. Ward is available for deposition, striking plaintiff's expert is more extreme than necessary to address any prejudice caused by plaintiff's noncompliance with the Case Management Order. Instead, the expert discovery deadlines will be extended. In addition, the Court will order plaintiff's counsel to pay defendants' reasonable attorneys' fees incurred in seeking Dr. Ward's deposition and bringing this motion. See Rule 16(f)(2) (court must order party or attorney "to pay the reasonable expenses — including attorney's fees — incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.")

Accordingly,

**IT IS HEREBY ORDERED** that defendants' joint motion to strike [Doc. #49] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that defendants shall have until **February 1, 2016,** to submit a verified statement of attorney's fees reasonably incurred in seeking Dr. Ward's deposition and in bringing their motion to strike.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of January, 2016.